## DAVID PATRICK *vs.* OLIVE GRANT.*

It is the duty of Courts to give effect to contracts, however unskilfully drawn, if the intention of the parties can be understood; and they can be enforced without a violation of the rules of law.

A *latent* ambiguity in a deed may be removed by evidence *aliunde.*

EXCEPTIONS from the Court of Common Pleas.

The action was covenant broken on an instrument under seal, dated July 4, 1826, of which the following is a copy:

"I *Olive Grant* of *Gorham,* in the county of *Cumberland,* widow, do hereby agree and promise to indemnify and clear and save harmless, *David Patrick* from and against any damage he may sustain by a certain mill privilege on *Horsebeef* falls, on *Presumpscot* river, it being the same that *Charles Patrick* bought of *Oliver Johnson* and conveyed to *Thomas Patrick* by deed dated *Jan.* 25, 1820, and if the said *David's* deed shall not prove a good title, I, the said *Olive Grant,* agree to pay all damage that said *David* shall be at, by said privilege, and I further agree to save the said *David* harmless from all damages that may arise to him from said privilege.

"*July* 4, 1826."
<blockquote>
her<br>
"*Olive* ✕ *Grant.* [L. S.]<br>
mark.
</blockquote>

The execution of the instrument being proved was read to the jury in support of the action. The plaintiff also offered to read in evidence the deed of *Charles Patrick* to *Thomas Patrick,* dated *Jan.* 25, 1820; a deed from *Thomas Patrick* to the plaintiff, dated *April* 10, 1820; and a deed from the plaintiff to Messrs. *Warrens* and *Patridge,* dated *July* 28, 1825, as the deeds referred to in the instrument declared on. The counsel for the defendant objected, that the action could not be maintained, because the paper contained no contract whatever, and was insensible and void. The Court, held by *Whitman C. J.,* refused to admit the three deeds in evidence, and directed a nonsuit, to which the counsel for the plaintiff excepted.

---

* *Emery J.* having once been of counsel, did not sit in this case.

*Preble* and *S. Longfellow, jr.*, argued for the plaintiff, and cited 3 *Stark. on Ev.* 1000; 11 *Mass. R.* 27; 10 *Mass. R.* 379; *ibid.* 459; 1 *Mason*, 10; *Stark. on Ev.* 1021; 10 *Mass. R.* 229.

*Daveis* and *Deblois*, argued for the defendant, and cited 1 *Mason*, 10; *Co. Lit.* 225, *b*; 1 *Sheph. Touch.* 55; *Roberts on Frauds*, 15, and notes; 3 *East*, 172; 6 *Mass. R.* 435; 7 *T. R.* 138; 4 *Pick.* 409; 1 *Phil. on Ev.* 443; 1 *Johns. Ch. R.* 274; 4 *Greenl.* 287; 3 *Greenl.* 340.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — It is the duty of courts to give effect to contracts, however unskilfully drawn, if the intention of the parties can be understood; and they can be enforced, without a violation of the rules of law.

The instrument, upon which the plaintiff relies, has the solemnities of a deed; and was doubtless intended to have an effect, well understood by the parties. And applying its provisions to the subject matter, the covenants, into which the defendants then entered, may be rendered intelligible. The mill privilege, in regard to which the plaintiff might sustain damage, is described in the instrument; and made certain by the deed, referred to, of *Charles Patrick* to *Thomas Patrick*. Of this the plaintiff had a deed; as is fairly to be understood, from the defendant's covenants. " And if the said *David's* deed shall not prove a good title," the defendant engages to pay all damage, that he might be at, and to save him harmless from all damages, that might arise to him on account of said privilege.

To show that the plaintiff had a deed of the privilege, was but applying the instrument to its subject matter, which is at all times admissible. And to make it appear, how he was liable to suffer damage, from a failure of title, against which the defendant had covenanted to indemnify him, it was competent for him to prove, that he had, by a deed of warranty, conveyed the same privilege to third persons. These deeds, then, in our judgment, ought to have been received.

If it be contended, that it is uncertain what deed was intended, whether that which the plaintiff received, or that which he gave; as either may be called the plaintiff's deed, it may be replied, that

the ambiguity thence arising, if there is one, is latent; the existence of the two deeds being disclosed by evidence *aliunde*. And when thus disclosed, we think it not difficult to determine, which deed was intended. The plaintiff's title, such as it was, was derived from the deed to him. That then must have been the deed referred to, as if that title, thus acquired, did not prove good, he was to be indemnified against all damage, which he might sustain thereby. The plaintiff's title must have arisen from the deed to, not from, him.

Although we have no doubt, that a fair construction of the instrument, requires that it should be so understood, it happens to be quite immaterial, on the question of damages, which deed was intended. The injury to the plaintiff, arises from the failure of the title he conveyed. If that failed, it must have been because that, which he received, was not good. Both deeds involve the same title, and whichever was referred to, the measure of damages would be the same. In our opinion, the nonsuit was improperly ordered. The plaintiff should have been permitted to make out his case. The exceptions are accordingly sustained; the nonsuit is set aside; and the action is to stand for trial.